IN RE ESTATE OF ZURBRUGG.
[Cite as In re Estate of Zurbrugg (1972).
34 Ohio Misc. 84.]

(No. 66922-A—Decided November 14, 1972.)

Columbiana County Common Pleas Court, Probate Division.

*Mr. Richard C. Ross* and *Mr. C. M. Moushey*, for Mary June Zurbrugg and Sandra Zurbrugg.
*Mr. O. V. Blumenstiel*, for Joann Zurbrugg.

TOBIN, J. This matter came on to be heard on the complaint of Mary June Zurbrugg and Sandra Kay Zurbrugg to determine the heirs of Willis Zurbrugg, deceased, and on the answer of Joann Zurbrugg, which denied that they are heirs and also claimed the statute of limitation. Trial was had to court.

The court finds from the evidence that the decedent and Mary June Zurbrugg lived together in 1956 in a trailer on the ancestral property of the decedent, and that they lived together until sometime in 1968. The evidence is overwhelming that they were known in their community by everyone as Mr. and Mrs. Zurbrugg, husband and wife; that the child, Sandra, was born to them in the year, April 30, 1957, at the Alliance City Hospital. The evidence specifically indicated that not only the parents of the child were given as Mary June Zurbrugg and Willis LeRoy Zurbrugg, but that the authorization for anesthetic and

operation was signed by Willis Zurbrugg as father. While the information was given by the mother of the child, Mary June Zurbrugg, nevertheless ample opportunity during all these years was available for the decedent to have denied the status of marital relationship and particularly at the time of the birth of the child. This was not done. There are other witnesses indicating a $50 check paid by Willis Zurbrugg to the Alliance City Hospital for the child dated June 10, 1964. In addition there are ample witnesses shown in the brief of the plaintiff that notice of birth of Sandra appeared in the Alliance city newspaper, thus showing a general reputation as husband and wife. This was never denied by Willis Zurbrugg or by Mary June Zurbrugg.

The school record indicates that notices were sent to both parents on matters concerning the child, and, therefore, there is also a showing that in the community both parents were known as husband and wife and that at no time did Willis Zurbrugg deny the same.

The evidence also shows that a common residence was maintained by Willis, Mary June and child, Sandra, in the trailer up until 1968. The evidence is further substantiated by the personal property form signed in 1966 and testified to by Mary June Zurbrugg to be her signature which Willis Zurbrugg and Mary June Zurbrugg signed as husband and wife on that particular return. All this indicates that the parties lived together as husband and wife and recognized the marital status. All these are facts that the court finds to be facts.

The only contrary fact was a denial to former Judge Reddy when he tried to collect a $50 fine levied against Mary June Zurbrugg. At that time Willis Zurbrugg stated ''we were never married.'' The court however rejects this as a disagreement of the marital relationship but only as a way the decedent took to avoid being responsible for the $50 fine of Mary June Zurbrugg.

There is also the testimony of the witness Ann Paome, owner and operator of the Fireside Inn directly across the road from the Willis Zurbrugg residence, indicating that one time when Mary June Zurbrugg took the change laying

on the counter Willis Zurbrugg stated to witness, "my wife takes all my money," indicating that he was fully aware of their marital relationship and accepted the same.

The court, therefore, finds that all the elements necessary to establish a common-law marriage are here. The agreement to marriage and presenting the cohabitation of man and wife, and reputation in community.

The court will not go into any lengthy quotation of cases since it is very well briefed by both parties in their briefs. The law expressed in plaintiff's brief amply indicates that the parties established a valid common-law marriage, and the court so finds. The court, therefore, finds that Mary June Zurbrugg is a surviving spouse and that Sandra Kay Zurbrugg is a child and heir, and, of course, that Joann Zurbrugg, born of a formal marriage, one that had a ceremony, is also an heir of the decedent. The court will permit additional compensation to both Joann Zurbrugg and her attorney for this action.

On the question of laches, the court rules against the same way. First, there has been no evidence introduced to establish the same. Secondly, the rights of wife and daughter are fixed at the moment of death, and the other heir cannot claim that they have forfeited their inheritance because they did not immediately proclaim the same. Of course any actions that the administratrix has taken up to this point under the law will be considered valid if legal, and Joann Zurbrugg will remain as the administratrix of the estate. The court, on the question of laches, however, will take in consideration any injury to anyone because of the delay.

*Judgment accordingly.*